**8**

In the Matter of John Rothwell KNAUS, Debtor.

NAVISTAR FINANCIAL CORPORA-TION, f/k/a International Harvester Credit Corporation, Movant, ·

v.

John Rothwell KNAUS and Gene A. Deleve, trustee in bankruptcy, Respondents.

Bankruptcy No. 84–02303–3.

United States Bankruptcy Court, W.D. Missouri, W.D.

Sept. 24, 1986.

Edward E. Schmitt, Donald G. Scott, Dietrich, Davis, Dicus, Rowlands, Schmitt & Gorman, Kansas City, Mo., for movants.

Stephen B. Strayer, Kansas City, Mo., for debtor/respondents.

## ORDER GRANTING MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

DENNIS J. STEWART, Chief Judge.

Movant seeks relief from the automatic stay with respect to certain combine parts and appanages which the debtor added to the combine (in which movant admittedly has a valid and perfected security interest) subsequent to the date of commencement of the chapter 11 proceedings which preceded the within chapter 7 proceedings. At the request of the parties,[1] the court convened its hearing on the issues made by the motion on July 15, 1986, whereupon the movant appeared by counsel, Donald G. Scott, Esquire, and the debtor appeared personally and by counsel, Stephen B. Strayer, Esquire, and the trustee in bankruptcy appeared personally and as his own counsel. The evidence which was then adduced showed that the parts in question[2] were added to the combine while the debtor was still a debtor-in-possession under the provisions of chapter 11 of the Bankruptcy Code; that they were added to the combine at a not insignificant expense to himself[3]; that he added them only because he anticipated using the combine in his reorganization proceedings, but those chapter 11 proceedings were thereafter converted to chapter 7 proceedings; that most of the parts which were added were necessary and intrical to the working of the combine and were replacements for worn or ruined

---

1. Counsel for the parties agreed to hold the hearing on July 15, 1986, without the notice which would have ordinarily been required by the governing procedural rules.

2. The parts which were added are described as those which might not be removed without impairing the running condition of the combine, including a hydrostatic motor and pump, ramp bars, and other accessories.

3. According to the uncontradicted evidence, the combine has a value of $27,000 with these parts and $22,000 without these parts. But there is no evidence that their addition made the value of the combine exceed the value which it had as of the time of the filing of the within title 11 proceedings.

parts[4]; that the governing security interest applied to such repairs, accessions, or replacements[5]; and that the parts involved are of the type which would ordinarily be found on a combine.

This court sympathizes with a debtor's plight who improves secured property in anticipation of a successful reorganization proceeding and then loses the value of the improvements to the secured creditor when the chapter 11 proceedings are converted to straight liquidation under chapter 7. But the credible testimony which has been adduced in this case fails to show that the position of the secured creditor was improved by the accessions to its original collateral. The evidence clearly demonstrates, as observed above, that the accessions were necessary to keep the combine in running condition. The debtor offered no evidence to the effect that these accessions brought the value of the combine above the value which it had as of the date of commencement of the within title 11 proceedings. And, under the Bankruptcy Code, it was the debtor's duty to protect the secured creditor from a "decline (in value) during the case." Legislative History of section 361 of the Bankruptcy Code; S.R. No. 95–989, 95th Cong., 2nd Sess. (1978) 49, 53–54, U.S.Code Cong. & Admin. News 1978, p. 5787. The evidence otherwise permits an inference only that the accessions were necessary to prevent a decline in value, for it shows, as observed above, that the accessions were necessary to keep the combine in working condition. "If the security agreement extends to proceeds, products, rents, or profits (or to accessions) of the property in question, then the proceeds would continue to be subject to the terms of the security agreement ... except that to the extent that ... *the expenditure resulted in an improvement in the position of the secured party,*" they would not continue to be subject to the security interest. Legislative History of Section 552 of the Bankruptcy Code; S.R. No. 95–989, 95th Cong., 2d Sess. (1978) 91,

U.S.Code Cong. & Admin.News 1978, p. 5787 (Emphasis added.) There is no sufficient statement or showing that the movant's position has been improved by the accessions. This court therefore concludes that the accessions are subject to the movant's security interest. It is therefore

ORDERED that the movant's motion for relief from the automatic stay be, and it is hereby, granted.

---

4. The testimony to this effect was substantially uncontroverted.

5. The debtor has made no contention to the contrary.